UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KYNDRA S. WEATHERLY, | CASE NO. 3:25-cv-05330-DGE |
| Plaintiff, | ORDER ON MOTION TO DISMISS (DKT. NO. 15) |
| v. | |
| MADIGAN ARMY MEDICAL CENTER et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's Amended Complaint.  (Dkt. No. 15.)  The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the record.  For the reasons set forth below, Defendants' motion is GRANTED with leave to amend.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 18, 2025, Plaintiff Kyndra S. Weatherly filed a complaint in this Court against Defendants Madigan Army Medical Center ("Madigan") and the United States Department of the Treasury ("Treasury" or "Treasury Department").  (Dkt. No. 1.)  On September 15, 2025,

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 1

Plaintiff filed an Amended Complaint.  (Dkt. No. 8.)  Plaintiff, who was 17 years old at the time, was injured in a motor vehicle accident on August 10, 2020.  (*Id.* at 1.)  Due to the severity of her injuries, paramedics transported her to the nearest medical facility, Madigan Army Medical Center.  (*Id.* at 1–2.)  Plaintiff's medical bills from her treatment at Madigan totaled $97,765.74.  (*Id.* at 2.)  Plaintiff's Medicaid health plan, Molina Healthcare of Washington, did not cover Plaintiff's treatment at Madigan, apparently because Molina was unable to locate Madigan in its provider database.  (*Id.*)

Having failed to secure payment from Plaintiff's insurer, Madigan sent Plaintiff a bill for its services and referred Plaintiff's debt to the Treasury Department for collection.  (*Id.*)  Plaintiff's parents intercepted the correspondence related to the Treasury's debt collection efforts, and Plaintiff did not become aware of the debt until December 2022, when the Treasury began garnishing her wages.  (*Id.* at 3.)  On December 27, 2022, Plaintiff filed a request for an administrative hearing concerning the garnishment with the Bureau of the Fiscal Service, which is part of the Treasury Department.  (*Id.*)  The Treasury paused its debt collection efforts shortly thereafter, but has yet to respond to Plaintiff's request for a hearing.  (*Id.*)  Plaintiff's debt has been accruing interest, non-payment penalties, and collection fees since her accident, and now totals approximately $130,000.  (*Id.*)  Plaintiff initiated this action "to force closure" as to whether she is liable for the debt.  (*Id.*)

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston*

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 2

*v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 547.

### III.    DISCUSSION

#### A.  United States Department of the Treasury

Defendants argue Plaintiff's claims against the Treasury should be dismissed because the Treasury is not a proper party to a lawsuit challenging the validity of a debt to another agency. (Dkt. No. 15 at 4–6.)

Federal agencies are responsible for collecting debts "arising out of the activities of, or referred to, the agency[.]"  31 U.S.C. § 3711(a)(1); 31 C.F.R. § 901.1 ("Federal agencies shall aggressively collect all debts arising out of activities of, or referred or transferred for collection services to, that agency.")  Wage garnishments "are authorized means of collecting debts." *Horton v. United States*, Case No. 20-1520, 2021 WL 4988036, *2 (Fed. Cl. Oct. 27, 2021); 31 U.S.C. § 3720D(a) ("[T]he head of an executive, judicial, or legislative agency that administers a program that gives rise to a delinquent nontax debt owed to the United States by an individual may in accordance with this section garnish the disposable pay of the individual to collect the amount owed.").  If a nontax debt is delinquent for 180 days, the head of the executive, judicial, or legislative agency that administers the program that gave rise to the debt shall transfer the debt

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 3

or claim to the Secretary of the Treasury, who shall take all "appropriate action to collect" that debt.  31 U.S.C. § 3711(g)(1).

In cases involving administrative offsets, federal courts have generally found claims "against the Treasury, its components and its officials arising out of its collection actions are substantively meritless on their face in light of the Treasury's mandatory and non-discretionary role in the offset process." *Ledin v. Dep't of Treasury*, Case No. 19-cv-00489, 2019 WL 13212624, at *1 (W.D. Mo. Dec. 23, 2019) (collecting cases).  Plaintiff challenges the validity of the debt given Plaintiff's age, argues Madigan engaged in overbilling, and contends Madigan is not required to charge civilians for medical care.  (Dkt. No. 16 at 6–11.)  However, Plaintiff does not argue there is a difference between administrative offsets and garnishments that is material to this case, nor does she appear to dispute Defendants' assertion that the Department of the Treasury is not a proper party to this case.  Accordingly, the Court will dismiss Plaintiff's claims against the Treasury with prejudice.

### B.  Exhaustion of Remedies

Defendants assert Plaintiff's claim against Madigan should be dismissed because Plaintiff's request for a hearing challenging her debt is still pending, and she has therefore not exhausted her administrative remedies.  (Dkt. No. 15 at 6.)  "Where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Reiter v. Cooper*, 507 U.S. 258, 269, (1993).  Plaintiff argues she has effectively exhausted her administrative remedies because the government has ignored her request for a hearing.  (Dkt. No. 16 at 13.)  Plaintiff asserts she filed her hearing request nearly three years

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 4

ago, and filed this lawsuit because Defendants have deprived her of a forum in which to contest the debt. (*Id.* at 11–12.)

Defendants contend that to the extent Plaintiff seeks relief because of Madigan's failure to hold a hearing, she should have included a claim of administrative delay in her complaint or sought mandamus relief. (Dkt. No. 17 at 3–4.) Defendants argue Plaintiff should seek an order requiring the Department of Defense to expedite her hearing. (*Id.* at 4.) Defendants further argue that Plaintiff's claim that she is being denied relief is untrue, given that the Treasury has paused its efforts to collect on the debt while Plaintiff's request for a hearing is pending. (*Id.*)

The Court agrees with Defendants that Plaintiff has not exhausted her relief with the appropriate agency and that seeking mandamus relief and/or or filing a claim for administrative delay is the best way to move Plaintiff's administrative hearing forward. Accordingly, the Court will dismiss Plaintiff's claims against Madigan without prejudice and with leave to file and amended complaint for mandamus or other similar relief.

## IV.    ORDER

Defendants' motion to dismiss (Dkt. No. 15) is GRANTED. Plaintiff's claims against the Treasury identified in the amended complaint are DISMISSED with prejudice. Plaintiff's claims against Madigan are DISMISSED without prejudice. Plaintiff is GRANTED leave to file an amended complaint for mandamus or other similar relief against the appropriate governmental agency or agencies.

Dated this 28th day of January, 2026.

David G. Estudillo
United States District Judge

ORDER ON MOTION TO DISMISS (DKT. NO. 15) - 5